IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JANA SZARKA, Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFF** |
| vs. | No. 1:21-cv-845 | |
| **RAR OF OTTAWA, LLC, MILAZZO, LLC, MILAZZO ENTERPRISES, LLC, and BOBBY MAIER** | | **DEFENDANTS** |

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jana Szarka ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Rar of Ottawa, LLC, Milazzo, LLC, Milazzo Enterprises, LLC, and Bobby Maier (collectively "Defendant" or "Defendants"), she states and alleges as follows:

**I.     PRELIMINARY STATEMENTS**

1.     This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the IMWL.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges IMWL violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of LaSalle County.

7. Separate Defendant Rar of Ottawa, LLC ("Rar of Ottawa"), is a domestic limited liability company.

8. Rar of Ottawa's registered agent for service of process is Craig P. Thomas, at 2902 McFarland Road, Suite 400, Rockford, Illinois 61107.

9. Rar of Ottawa also does business as Culver's of Ottawa.

10. Separate Defendant Milazzo, LLC ("Milazzo"), is a foreign limited liability company.

11. Milazzo's registered agent for service of process is Craig P. Thomas, at 2902 McFarland Road, Suite 400, Rockford, Illinois 61107.

12. Separate Defendant Milazzo Enterprises, LLC ("Milazzo Enterprises"), is a foreign limited liability company.

13. Milazzo Enterprises also does business as Culver's.

14. Milazzo Enterprises' registered agent for service of process is Craig P. Thomas, at 2902 McFarland Road, Suite 400, Rockford, Illinois 61107.

15. Separate Defendant Bobby Maier ("Maier") is an individual and resident of Illinois.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Defendants own and operate several Culver's franchises.

18. Upon information and belief, Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. Upon information and belief, the revenue generated from Rar of Ottawa, Milazzo and Milazzo Enterprises was merged and managed in a unified manner.

20. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

21. Milazzo acts as a managing entity of Rar of Ottawa.

22. Maier is a principal, director, officer, and/or owner of Rar of Ottawa, Milazzo and Milazzo Enterprises.

23. Maier took an active role in operating Rar of Ottawa, Milazzo and Milazzo Enterprises and in the management thereof.

24. Maier, in his role as an operating employer of Rar of Ottawa, Milazzo and Milazzo Enterprises, had the power to hire and fire Plaintiff, supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

25. Maier, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's job entailed.

26. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

27. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

28. Defendants are employers within the meaning of the FLSA and have been, at all times relevant herein, Plaintiff's employer.

29. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWL.

30. Defendants employed Plaintiff as an Assistant Manager from March of 2017 until January of 2021.

31. Defendants classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA and the IMWL.

32. Defendants also employed other assistant managers and managers.

33. Defendants also classified other assistant managers and managers as hourly employees, non-exempt from the overtime requirements of the FLSA and the IMWL.

34. Plaintiff was primarily responsible for running shifts, overseeing the cash drawer, training new employees, closing the store, and preparing food.

35. Other assistant managers and managers had the same or similar duties as Plaintiff.

36. Defendants directly hired Plaintiff and other assistant managers and managers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

37. In addition to her hourly wage, Plaintiff received $200.00 quarterly bonuses based on store performance.

38. Other assistant managers and managers also received these bonuses.

39. These bonuses were nondiscretionary because assistant managers and managers expected to receive these bonuses and did in fact receive the bonuses on a regular basis.

40. Upon information and belief, all or most assistant managers and managers receive these bonuses.

41. Defendants inform assistant managers and managers of the bonuses upon hiring because the bonuses are part of Defendants' compensation package and assistant managers and managers expect to receive the bonuses.

42. Plaintiff and other assistant managers and managers sometimes or regularly worked in excess of forty hours per week during their tenure with Defendants.

43. Defendants paid Plaintiff and other assistant managers and managers 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

44. However, Defendants did not include the bonuses that were paid to Plaintiff and other assistant managers and managers in their regular rates when calculating their overtime pay even though Plaintiff and other assistant managers and managers received bonuses in pay periods in which they also worked in excess of forty hours per week.

45. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

46. Defendants violated the FLSA and IMWL by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other assistant managers and managers, in their regular rate when calculating their overtime pay.

47. Upon information and belief, Defendants' pay practices were the same for all assistant managers and managers who received bonuses.

48. Upon information and belief, the pay practices that violate the FLSA and IMWL alleged herein were the same at all of Defendants' facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

49. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other assistant managers and managers violated the FLSA and IMWL.

## V. REPRESENTATIVE ACTION ALLEGATIONS

50. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the applicable statute of limitations, who are entitled to payment of the following types of damages:

    A.    Overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorneys' fees and costs.

52. Plaintiff proposes the following class under the FLSA:

> **All assistant managers and managers who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

53. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

54. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

55. The members of the proposed FLSA class are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They were eligible for and received nondiscretionary bonuses;

C. They worked over forty hours in at least one week in which they performed work related to a bonus;

D. They were subject to Defendants' common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

E. They had the same or substantially similar job duties and requirements.

56. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds ten persons.

57. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

58. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

59. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

60. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

61. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

62. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

64. Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

65. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

66. Defendants knew or should have known that their actions violated the FLSA.

67. Defendants' conduct and practices, as described above, were willful.

68. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

69. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

71.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

72.   Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

73.   At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

74.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

75.   Defendants classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

76.   Defendants failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

77.   Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

78.   Defendants knew or should have known that their actions violated the FLSA.

79.   Defendants' conduct and practices, as described above, were willful.

80.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorneys' fees provided by the FLSA for all violations

which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

81. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
#### (Individual Claim for Violation of the IMWL)

83. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

84. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

85. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

86. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

87. Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

88. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

89. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

90. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jana Szarka, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the IMWL, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWL and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, and their related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JANA SZARKA, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com