**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANA SZARKA, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 21-cv-845 Judge Sharon Johnson Coleman |
| BDH CUSTARD, INC., MILAZZO ENTERPRISES, LLC, BOBBY MAIER, and ANTHONY MILAZZO | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of alleged violations of the Fair Labor Standards Act ("FLSA) and Illinois Minimum Wage Law ("IMWL").  Before the Court is plaintiff Jana Szarka's motion for conditional certification of an FLSA collective [23].  For the reasons set forth below, the motion is granted and notice will be issued to potential plaintiffs.

**I.        Background**

The Court does not make factual findings at this stage, but will consider plaintiff's version of the facts to the extent those facts are supported.  *See Johnson v. Cellco Partnership*, No. 21 C 187, 2021 WL 2823103, at *1 (N.D. Ill. July 7, 2021) (Feinerman, J.).

Plaintiff worked as an assistant manager at a Culver's in Ottawa, Illinois from March 2017 to January 2021.  Defendants BDH Custard, Inc. and Milazzo Enterprises, LLC operate this Culver's. Individual defendants Bobby Maier and Anthony Milazzo are owners and operators of both companies.  While employed as an assistant manager at defendants' Culver's, plaintiff was responsible for running shifts, overseeing the cash register, training new employees, closing the

1

store, and making food. She was paid by the hour and received $200 quarterly bonuses based on store performance. She often worked overtime and was paid an overtime pay of 1.5 times her base hourly rate. This overtime pay did not take the quarterly bonuses into account. Plaintiff alleges that this overtime calculation policy, which applied to other assistant managers and managers as well, violated the FLSA and IMWL. Specifically, plaintiff argues that the overtime pay policy violates the Code of Federal Regulations' requirement that all forms of compensation, including nondiscretionary bonuses, must be included in determining overtime pay. *See* 29 C.F.R. ¶ 778.208.

## II.    Legal Standard

FLSA collective actions are unlike Rule 23 class actions in that they require plaintiffs to affirmatively opt into the action through "consent in writing to become such a party." 29 U.S.C. 216(b). This opt-in requirement "prevent[s] the filing of claims on behalf of a large group of unnamed and nonparticipating plaintiffs" and the written consent forms "assure the court that the signers want to have their rights adjudicated in a proceeding or be represented by counsel chosen by other plaintiffs." *Smith v. Professional Transportation, Inc.*, No. 20-2046, 2021 WL 3012335, at *3 (7th Cir. July 16, 2021) (internal citations omitted). In evaluating class certification motions under Section 216(b) of the FLSA, courts employ a 2-stage process. *See Johnson*, 2021 WL 2823103, at *2. The first step is conditional certification, at which point the Court determines "whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). The second step is a re-evaluation of the conditional certification after plaintiffs have opted in. *See Johnson*, 2021 WL 2823103, at *2.

The plaintiff's burden at the first stage is low; she must only "make a modest factual showing sufficient to demonstrate that [she] and potential [collective members] together were victims of a common policy or plan that violated the law." *Id.* at *2 (citing *Ivery v. RMH Franchise Corp.*, 280 F.

Supp. 3d 1121, 1132-33 (N.D. Ill. 2017)). Plaintiffs can make this showing through affidavits, declarations, deposition testimony, or other documents. *Lechuga v. Elite Engineering, Inc.*, 503 F.Supp.3d 741, 743 (N.D. Ill. 2020) (Bucklo, J.) (internal citation omitted).

## III. Analysis

In support of her motion, plaintiff attaches a declaration noting that she personally spoke with other employees similarly situated to her (assistant managers and managers classified as hourly employees) that received quarterly bonuses and occasionally worked over forty hours per week, but whose bonuses were not included in the overtime pay calculation. Plaintiff suggests that defendants' overtime calculation error was not limited to her and, in fact, was a policy that applied to all current and former assistant managers and managers that received quarterly bonuses.

Defendants oppose certification, arguing that plaintiff has not shown the existence of a similarly situated group of plaintiffs and does not "acknowledge the unique legal entities involved…" Dkt. 28, Defendants' Opposition to Plaintiff's Motion for Conditional Certification, at 3. But plaintiff's factual burden at this stage is low and her declaration in support of allegations in the complaint is sufficient to demonstrate that she and others were victims of a common overtime pay policy that violated the law. Further, plaintiff is not required to acknowledge the unique legal entities involved. While plaintiff's description of the parties is admittedly muddled, she is not required to identify the differences between the parties at this point.

Defendants also object to plaintiff's proposed notice. First, they claim that the notice should advise potential class members that they may be responsible for defendants' costs if the action is unsuccessful. Defendants cite no controlling authority for this proposition and the Court does not think it necessary to modify the form to include such a disclaimer. Defendants also claim that notice should be limited to BDH Custard's employees and not Milazzo Enterprises' employees, stating that both companies' Culver's locations are operated independently of one another. But doing as

defendants suggest would require the Court make a factual and legal determination that is inappropriate at this stage.  Finally, defendants object to plaintiff's plan of sending a notice through the mail and then a follow-up notice by email.  The Court agrees with plaintiff that sending notice by email would likely reach more potential plaintiffs and thus gives more people the opportunity to participate.

**IV.    Conclusion**

Plaintiff has met her limited burden for conditional certification.  The Court grants plaintiff's motion [23] and approves plaintiff's notice plan.  **IT IS SO ORDERED**.

Date:    August 11, 2021                                  Entered:

                                                         SHARON JOHNSON COLEMAN
                                                         United States District Court Judge