IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JANA SZARKA, Individually and on**                               **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                  No. 1:21-cv-845

**BDH CUSTARD, INC., MILAZZO**                                **DEFENDANTS**
**ENTERPRISES, LLC, BOBBY**
**MAIER and ANTHONY MILAZZO**

## JOINT MOTION FOR APPROVAL OF FLSA
## COLLECTIVE ACTION SETTLEMENT

Plaintiff Jana Szarka ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Defendants BDH Custard, Inc., Milazzo Enterprises, LLC, Bobby Maier and Anthony Milazzo (collectively "Defendants"), by and through their respective undersigned counsel, hereby seek approval of their Settlement Agreement ("Agreement") resolving all claims in this lawsuit.

### I.     INTRODUCTION

This case concerns claims of unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), originally brought by Named Plaintiff on February 16, 2021. ECF No. 1. Named Plaintiff filed her First Amended and Substituted Complaint—Collective Action ("FAC") on March 26, 2021. ECF No. 11. Named Plaintiff asserted that Defendants failed to pay her and Defendants' other hourly paid assistant managers and managers a proper overtime rate by not including all forms of compensation, such as nondiscretionary bonuses, in their regular rate when calculating their overtime pay. *Id*.

Page 1 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
Joint Motion for Approval of FLSA Collective Action Settlement

Named Plaintiff also sought liquidated damages and attorneys' fees. *Id*. Defendants asserted Named Plaintiff and other assistant managers and managers were properly compensated for all hours worked, including overtime pursuant to the FLSA and IMWL. ECF No. 26. Defendants deny all of the allegations and claims set forth in the FAC and maintain that Named Plaintiff and all assistant managers and managers were properly paid all overtime compensation due. *Id*. Named Plaintiff and Defendants agree that a bona fide dispute exists with regard to Named Plaintiff's claims for unpaid overtime.

On May 24, 2021, Named Plaintiff moved this Court to conditionally certify this action as a collective action and to approve of the issuance of notice to the collective. *See* ECF Nos. 23-24. Named Plaintiff defined the collective as follows:

> **All assistant managers and managers who received a bonus in connection with work performed in at least one week in which they worked over forty hours since February 16, 2018.**

On August 11, 2021, this Court issued a Memorandum Opinion and Order granting Named Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information. ECF No 31. Following the Court's Order, Defendants produced the names, last known addresses, and last known email addresses for all collective members.

Named Plaintiff's counsel sent the Court-approved Notice and Consent to Join to the collective by first-class mail, with a postage pre-paid return envelope addressed to Named Plaintiff's counsel, as well as by email using DocuSign.com. The Court-approved Notice and Consent to Join apprised recipients that, if they opted into the action, they would be represented by Named Plaintiff's counsel and "bound by any settlement" of the

Page 2 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
Joint Motion for Approval of FLSA Collective Action Settlement

action. 2 individuals, aside from Named Plaintiff, opted into the lawsuit (the "Opt-in Plaintiffs," and, together with Named Plaintiff, "Plaintiffs"). ECF Nos. 36-37.

Courts in the Seventh Circuit routinely require approval of FLSA settlements. *See Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir.1986). For FLSA settlements that do not involve Rule 23 classes, such as the Agreement here, a one-step settlement approval process is appropriate. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016); *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, No. 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016).

## II. ARGUMENT

### A. Terms of the Settlement

As reflected in the Agreement and Allocation attached hereto as Exhibit 1, members of the collective are receiving payments equal to their damages for Defendants' alleged failure to include their non-discretionary bonuses into the calculations for their overtime pay rates, as calculated by Plaintiffs' Counsel from the time and pay records produced by Defendants. The relief that will be afforded to the collective class is the full and maximum relief under the FLSA and IMWL based on the provided data, the regular rate claims brought in the case, and the law. The Agreement provides that each member of the collective of former and current qualifying employees will receive the overtime adjustment owed to them based on the number of overtime hours they worked and the value of their bonuses, assuming their nature as non-discretionary, plus treble or liquidated damages and statutory penalties during the periods of time for which they were available under the IMWL. The Parties believe the settlement for Plaintiffs is fair,

Page 3 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
Joint Motion for Approval of FLSA Collective Action Settlement

reasonable, and adequate, and they request an Order from this Court confirming the same.

Under the terms of the Agreement, Named Plaintiff will be paid an additional $1,000.00 as a service payment for bringing this lawsuit and in exchange for signing a general release of claims in addition to a release of her FLSA and IMWL claims. The time Named Plaintiff spent on this lawsuit included participating in the litigation by associating her name to the case, reviewing and signing a declaration in support of collective action certification, and providing information to Plaintiffs' counsel for preliminary damages calculations, and for purposes of drafting the complaint and the motion for collective action certification. This is a reasonable award, given the time Named Plaintiff spent with her counsel in bringing and prosecuting this lawsuit. "[I]ncentive awards are commonly awarded to those who serve the interests of the class." *Briggs v. PNC Fin. Servs. Grp.*, No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *6 (N.D. Ill. Nov. 29, 2016).

B.  Attorneys' Fees

The FLSA entitles a prevailing plaintiff, "including a plaintiff who favorably settles his claims," to recover "a reasonable attorney's fee . . . and costs of the action." *De La Riva v. Houlihan Smith & Co.*, No. 10 C 8206, 2013 U.S. Dist. LEXIS 136339, at *3 (N.D. Ill. Sep. 24, 2013); *Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72-HAB, 2021 U.S. Dist. LEXIS 132353, at *5-6 (N.D. Ind. July 16, 2021) (quoting 29 U.S.C. § 216(b)). Similarly, the IMWL provides that "a prevailing party 'may recover…costs and such reasonable attorney's fees as may be allowed by the Court.'" *Kurgan v. Chiro One Wellness Centers, LLC*, No. 10-cv-1899, 2015 U.S. Dist. LEXIS 52006, at *5-6 (N.D. Ill. Apr. 21, 2015) (quoting 820 ILCS 105/12(a)).

Page 4 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
Joint Motion for Approval of FLSA Collective Action Settlement

Plaintiffs seek, and Defendant does not oppose, an attorney's fees and expenses award of $18,000.00. This is only approximately 70% of their billing, which is attached hereto as Exhibit 2. This amount was also negotiated separately and without regard to the FLSA and IMWL claims of the collective. Because Plaintiffs are receiving 100% of their calculated damages, the negotiated attorney's fee does not reduce the award to any Plaintiff. Accordingly, approval of the agreed upon fee is not required. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees." (citations omitted)).

To the extent this Court wishes to assess the amount and reasonableness of the fee, Plaintiffs aver that this fee is reasonable. Courts in this Circuit first calculate the "lodestar," that is, the "multiplication of the number of hours reasonably expended on the merits of the litigation by the reasonable hourly rate." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). "The party seeking an award of fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed, and should submit evidence to this effect." *Binissia v. ABM Industries*, No. 13 cv 1230, 2017 U.S. Dist. LEXIS 153686, at *10 (N.D. Ill. Sep. 21, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To determine a reasonable hourly rate, the Court refers "to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

Page 5 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
Joint Motion for Approval of FLSA Collective Action Settlement

The hourly rates of Plaintiffs' counsel are also reasonable in light of other similar hourly rates approved by this Court in employment cases involving counsel with similar experience. *See, e.g., Gunn v. Stevens Security & Training Services*, No. 17-cv-06314, 2020 U.S. Dist. LEXIS 171615, at *6-7 (N.D. Ill. Sep. 18, 2020) (finding hourly rates ranging from $300 to $565 reasonable, depending on each attorney's level of experience, and an hourly paralegal rate of $190 reasonable, in an FLSA collective action case); *Bainter v. Akram Invs., LLC*, No. 17 C 7064, 2018 U.S. Dist. LEXIS 177445, at *12 (N.D. Ill. Oct. 9, 2018) (finding hourly rates ranging from $150 to $700 reasonable in an FLSA collective action case); and *Kurgan*, 2015 U.S. Dist. LEXIS 52006, at *14 (finding hourly rates ranging from $100 to $600 reasonable in an FLSA collective and class action case).

When determining the reasonableness of an attorneys' fee award, Seventh Circuit Courts may also take into account other factors, including (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the experience, reputation, and ability of the attorneys, (9) the undesirability of the case, and (10) the nature and length of the professional relationship with the client. *Bainter*, 2018 U.S. Dist. LEXIS 177445, at *13 (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310-11 (7th Cir. 1996)). Many of these factors are subsumed within the calculation of the lodestar. *See Blum*, 465 U.S. at 898–900 (finding that "novelty and complexity of issues," "special skill and experience of counsel," quality of representation," and "results obtained" can be accounted for within the lodestar calculation); *Pennsylvania v. Delaware Valley Citizens'*

Page 6 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
**Joint Motion for Approval of FLSA Collective Action Settlement**

*Council*, 478 U.S. 546, 565–66 (1986) ("the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorneys' fee").

Many factors not already addressed above support the fee award sought. The skill requisite to perform the legal service properly weighs in favor of the fee award. Sanford Law Firm's primary practice is in the field of FLSA wage-and-hour litigation. This case did not involve novel legal issues, but the collective action made it procedurally complex and ill-suited for attorneys without extensive experience in FLSA matters. Plaintiffs' counsel also faced legal hurdles in establishing conditional certification that was contested by Defendants.

Fees in this case were "contingent" in the sense that recovery of the fees was uncertain and hinged upon the success of Plaintiffs' claims. Determination of fees was also delayed, as it requires Plaintiffs' counsel to wait until resolution of the case in order to receive anything. Plaintiffs' counsel "could have lost everything" they invested. *See Furman v. At Home Stores LLC*, No. 1:16-cv-08190, 2017 U.S. Dist. LEXIS 73816, at *12 (N.D. Ill. May 1, 2017) (quoting *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.)). The amount involved and the results obtained also favor the fee award. Plaintiffs stand to receive from the settlement the uncompromised maximum value of the claims brought in the Complaint.

### III.  CONCLUSION

WHEREFORE, for the reasons stated above, Named Plaintiff, individually and on behalf of all others similarly situated, and Defendants respectfully request that the Court approve the settlement reached between the Parties, dismiss the case with prejudice, and for all other just and proper relief.

Page 7 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
Joint Motion for Approval of FLSA Collective Action Settlement

Respectfully submitted,

**JANA SZARKA, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and **BDH CUSTARD, INC., MILAZZO
ENTERPRISES, LLC, BOBBY MAIER
and ANTHONY MILAZZO, DEFENDANTS**

DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, Illinois 60606
Telephone: (312) 630-9630
Facsimile: (312) 630-9001

*/s/ Joseph Pierotti*
Joseph Pierotti
jp@doherty-progar.com

**Page 8 of 9
Jana Szarka, et al. v. BDH Custard, Inc., et al.
U.S.D.C. (N.D. Ill.) No. 1:21-cv-845
Joint Motion for Approval of FLSA Collective Action Settlement**

## **CERTIFICATE OF SERVICE**

      I, Josh Sanford, do hereby certify that a true and correct copy of the foregoing MOTION was electronically filed with the Clerk for the U.S. District Court, Northern District of Illinois, on May 3, 2022, using the electronic case filing system of the Court. The attorneys listed below are registered to receive an electronic copy hereof.

Joseph Pierotti, Esq.
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, Illinois 60606
Telephone: (312) 630-9630
Facsimile: (312) 630-9001
jp@doherty-progar.com

                                                      */s/ Josh Sanford*
                                                      **Josh Sanford**

**Page 9 of 9**
*Jana Szarka, et al. v. BDH Custard, Inc., et al.*
**U.S.D.C. (N.D. Ill.) No. 1:21-cv-845**
**Joint Motion for Approval of FLSA Collective Action Settlement**